IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KRISTY KEEPER, Individually and on behalf of all others similarly situated, 1598 Greenfield Lane Painesville, Ohio 44077<br><br>          Plaintiff,<br><br>  vs.<br><br>FERRER & POIROT, G.P., 2603 Oak Lawn, Suite 300 Dallas, Texas 75219<br><br>          Defendant. | CASE NO.<br><br>JUDGE<br><br><br>**COMPLAINT FOR**<br><br>**CLASS ACTION** |

Now comes Kristy Keeper, individually and as representative of all others similarly situated, and for her Class Action Complaint states:

### INTRODUCTION

This is a class action brought by Kristy Keeper, individually and as a putative representative, against Ferrer & Poirot, G.P. ("Defendant"). Defendant has violated federal law by using automatic telephone dialing systems to call and text cellular telephones without the express consent of the telephones' owners. Under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., Plaintiff seeks to stop Defendant from calling and texting cellular telephones and to recover between $500 and $1,500 for each person who received such a contact from Defendant's automatic telephone dialing systems.

### PARTIES

1. Plaintiff Kristy Keeper (hereinafter, "Plaintiff") is an individual and resident of the State of Ohio, County of Lake and City of Painesville.

2.       Defendant Ferrer & Poirot, G.P. is a general partnership organized under the laws of the state of Texas.  Defendant provides consumers with legal services.

## JURISDICTION AND VENUE

3.       The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227.

4.       This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

5.       This Court has jurisdiction over Defendant because a significant part of the conduct and harm complained of herein occurred in this District.

6.       Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events at issue occurred in this district and the Defendant sent messages to Plaintiffs in this district.

## THE TELEPHONE SUBSCRIBERS PROTECTION ACT

7.       The Telephone Subscribers Protection Act (47 U.S.C. § 227, et seq.) ("TCPA") regulates the types of calls that can be made to telephone subscribers.

8.       The TCPA states, in relevant part:

(b) Restrictions on use of automated telephone equipment.
(1) Prohibitions. It shall be unlawful for any person … if the recipient is within the United States--
   (A) to make any call (other than a call made…with the prior express consent of the called party) using any automatic telephone dialing system …
   …(iii) to any telephone number assigned to a…cellular telephone service….

9. The Federal Communications Commission has interpreted "phone call" to include text messages.[1]

10. Courts have repeatedly and consistently followed the FCC's interpretation that text messages are phone calls for the purposes of the TCPA.[2]  As used in this complaint, the term "call" includes text messages.

## FACTS

11. Plaintiff has a cell phone.

12. Plaintiff has never given express consent to receive a call from Defendant.

13. Despite this, on July 2, 2012, Plaintiff received a text message on her cell phone, from an automated telephone dialing system, sent by Defendant or its agent, that read:

> "If you or someone you know has taken the drug Yaz, Yazmin or Ocella and had health problems go to www.yazissues.com for Financial Compensation"

14. This unsolicited, unrequested text message is the call at issue in this case.

## CLASS ALLEGATIONS

15. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

---

[1] "We affirm that under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other common carrier service, or any service for which the called party is charged."  This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service."  18 FCC Rcd 14014, 14115 (FCC 2003).  See also *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 F.C.C.R. 14014, 14115 (July 3, 2003) and *In the matter of Rules and Regulations Implementing the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003*, 19 F.C.C.R. 15927, 15931, 15933, 15934 (Aug. 4, 2004).

[2] See: *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. Cal. 2009); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999 (N.D. Ill. 2010); *Pollock v. Island Arbitration & Mediation Inc.*, 2008 NY Slip Op 28452 (N.Y. City Ct. 2008); *Abbas v. Selling Source, LLC*, 2009 U.S. Dist. LEXIS 116697 (N.D. Ill. Dec. 14, 2009); *Kazemi v. Payless Shoesource, Inc.*, 2010 U.S. Dist. LEXIS 27666 (N.D. Cal. Mar. 12, 2010); *Kramer v. Autobytel*, Inc., 2010 U.S. Dist. LEXIS 137257 (N.D. Cal. Dec. 29, 2010).

16. Defendant and its agents have made, and continue to make, unsolicited calls to cellular telephone numbers, including to Plaintiff's and the other members of the class, using an automatic telephone dialing system.

17. These calls were made without prior express consent.

18. Plaintiff brings this action on behalf of herself and for all other persons similarly situated (herein collectively referred to as "Plaintiffs" or "putative class members") who received calls on their cellular telephones from Defendant's automatic telephone dialing system without giving Defendant prior express consent.

19. This class numbers over forty (40) persons and is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

20. The injuries and damages to these class members present questions of law and fact that are common to each class member, and that are common to the entire class as a whole. Those common questions include, and are not limited to:

- Whether the subject calls were auto-dialed;
- Whether the subject calls are covered by the TCPA;
- Whether the subject calls violate the TCPA; and
- Whether the class members are entitled to relief under the TCPA.

21. Defendant has engaged in the same conduct regarding all of the members of the class asserted in this suit.

22. The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses and injuries of the entire class, and the claims, defenses and injuries of each class member are typical of those of the entire class.

23. Representative Plaintiff will fully and adequately protect and represent the entire class, and all of its putative class members.

24. The identity of all members of this class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant and others.

25. The prosecution of separate actions by each member of this class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the class that would establish incompatible standards of conduct for Defendant.

26. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests. Further, the maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

## FIRST CLAIM FOR RELIEF
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.**

27. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

28. Plaintiff did not expressly consent to receive calls from Defendant, as required by the Act.

29. Defendant sent an unsolicited text message call using a computerized automatic telephone dialing system to call Plaintiff's cellular telephone.

30. The call to Plaintiff's cellular telephone was a violation of 47 U.S.C. 227(b)(1)(A)(iii).

31. Defendant has acted in the same way toward all members of the class.

5

32. As a result of these calls, Plaintiff and the class are entitled to recovery under the Act.

## SECOND CLAIM FOR RELIEF
### Injunction and Request for Restraining Order

33. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

34. Unless restrained and enjoined, Defendant will not cease and desist the conduct described above.

35. Plaintiff and the class have no adequate remedy at law to prevent Defendant from continuing this conduct in violation of law.

36. The TCPA provides for injunctive relief against continuing violations, stating:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State — A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation…47 USCS § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands judgment as follows:

1. For an Order determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23 and certifying this case as such;

2. For a preliminary and thereafter permanent injunction preventing Defendant from continuing its conduct described above;

3. For damages of actual monetary loss or $500 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3);

4. For treble damages pursuant to 47 U.S.C. § 227(b)(3);

5. For reasonable costs and attorney fees necessarily incurred herein; and

6. For such other or further relief to which Plaintiff and the class are entitled.

Respectfully submitted,

\_\_/s/Patrick J. Perotti_____
Patrick J. Perotti, Esq. (#005481)
Nicole T. Fiorelli, Esq. (#0079204)
Michael Rudick, Esq. (#0087800)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391    (440) 352-3469 Fax
Email:  *pperotti@dworkenlaw.com*
           *nfiorelli@dworkenlaw.com*
           *mrudick@dworkenlaw.com*